### Isaac Brunson *against* William Graham.

New trial ordered, because the jury received new evidence after leaving the bar.

Case, for non-performance of a contract respecting the transfer of funded stock of the United States. The cause was tried at the sittings in Philadelphia, on the 19th September last, and a verdict for the plaintiff.

A rule was made to show cause why the verdict should not be set aside and a new trial granted, which rule was now made absolute by consent without argument. It was admitted, that the jury retired from the bar and conferred together for some time without coming to a decision, and then broke up late at night. Next morning one of the jurors applied to a broker for information respecting the price of certificates at a particular period, and having obtained the intelligence he wanted, communicated the same to his fellow jurors. Cro. El. 189,

*Venire facias de novo* awarded.

Messrs. Lewis and Rawle, *pro quer.*
Messrs. Ingersoll and Rawle, *pro def.*

---

### Case of George Green, an insolvent debtor.

[S. C. 2 Dall. 268.]

A creditor is a witness to prove a fraud in the case of an insolvent debtor.

Ruled by the court on argument, that where there is a presumption of fraud in the case of a prisoner applying to be discharged under the insolvent acts, his creditors may be received as witness to prove the fraud.

The prisoner was discharged.