CHARLES A. EDWARDS v. ISRAEL TOWNSEND *et al.*

In the hearing on a petition of insolvency the creditors are not concluded, by examining the petitioner and taking his answers to interrogatories, from afterward calling and examining witnesses against him.

But a creditor who has been cited and has appeared and become a party to the record as an opposing creditor in the proceeding, is not a competent witness against the petitioner.

PETITION for discharge under the act of insolvency. The first question presented was, if the creditors elect to propound interrogatories to the petitioner and take his answers to them, could they afterward call and examine witnesses against granting the prayer of his petition ?

*By the Court.* Whatever may have been the practice in such cases in earlier times in this court, we think, since the passage of the act of the legislature conferring on either party to a suit, the right to call and examine the other as a witness in it, that it is competent for the opposing creditors to do both in an application like this.

*Brightley, for the Philadelphia creditors,* then called a witness.

*Patterson, for the petitioner,* objected to his competency because he was a creditor who had appeared and become a party to the case to oppose the discharge of the petitioner, and was interested in the result of the proceeding.

*Brightley.* The witness called is a Philadelphia creditor who has been summoned or cited to appear as one of his creditors in this case by the petitioner himself. But no creditor of a petitioner in a proceeding of this kind, which is not *inter partes*, but moved by him alone for his summary relief and discharge from imprisonment merely, is an incompetent witness in the case ; on the contrary, every creditor is a competent witness in such a case, not only from necessity, but because he can neither gain or lose by the result of the proceeding, nor can the record, if even he be a party to it and named as such upon the record, be used either for or against him in any other suit or action. It has been so ruled and is the uniform practice in the courts of Pennsylvania. *Ingr. on Insol.* 106. *Green's Case,*

2 *Dall.* 268. I have not been able to find any decision directly upon the point in the Reports of this State, but it has been decided in the courts of Delaware that a judgment ereditor fully secured by the real estate of an intestate, and who has no specific lien on his personal property, is a competent witness for the administrator in an action to recover a debt due the intestate. *Faris' Admr. v. Frazier,* 4 *Harr.* 206.

*Patterson.* As I remarked before, the witness called is not only a creditor, but he has been made by his appearance and his name being entered upon the record by the Prothonotary, to stand here as one of the creditors who has appeared in the case pursuant to the summons, a party to the record in the case, and evidently must expect to be benefited by the failure of the petitioner, to obtain his discharge from imprisonment by virtue of this proceeding, and under the insolvent laws of the State, or why should he be here voluntarily from another State to oppose it? The expectation and hope may be that if the petitioner should be remanded, his friends will be constrained to propose some accommodation to his creditors, as the only means left to procure his discharge from imprisonment. He may also be liable for his proportion of the costs as one of the creditors, on the determination of the case by the order of the court. In cases under the bankrupt laws of England, a creditor is not a competent witness to prove an act of bankruptcy. 4 *Phil. Ev.* 357.

*Brightley.* The reason for their exclusion in cases of bankruptcy is obvious; it is because the creditor in such a case, is directly interested in the result of the proceeding, as he will be entitled to a *pro rata* share of the bankrupt's effects ; and in such cases that is the immediate object and purpose of the proceeding on the part of the creditors of the bankrupt. But here the creditor called as a witness, is opposing the discharge of the prisoner, and of course, is opposing any such conclusion or result in this case.

*By the Court.* Under our practice in such cases and the rules of evidence recognized and adopted in the courts of this State, we do not consider the creditor called a competent witness in this case and must consequently exclude his testimony. The case then proceeded, and the petitioner after being subjected to an examination on verbal interrogatories and without answers in writing, was discharged under the act.